UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

VICTOR TAGLE, SR.,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 3:17-cv-00676-MMD-VPC

ORDER

Before the Court is Defendants Clark County, Jin Kim, and James Sweetin's (collectively, "Defendants") motion to dismiss Plaintiff's Complaint (ECF No. 7). The Court has reviewed Plaintiff Victor Tagle, Sr.'s response (ECF No. 17) as well as Defendants' reply (ECF No. 22). For the following reasons, the Court grants Defendants' motion to dismiss.

**I.    FACTUAL BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at High Desert State Prison ("HDSP"). (*See* ECF Nos. 4, 7.) On September 19, 2017, Plaintiff filed a "Tort Action" in the Eleventh Judicial District Court of the State of Nevada "under 42 U.S.C. § 1985 for conspiracy." (*See* ECF No. 1-2 at 2.[1]) The Court construes this filing (ECF No. 1-2) as the operative Complaint in this case. Plaintiff names the following Defendants: (1) State of Nevada/Clark County; (2)

---

[1] The Court will not consider Plaintiff's filing that might be construed as a First Amended Complaint (ECF No. 38) because it was not timely filed. *See* Fed. R. Civ. P. 15(a)(1). Nor was it filed with leave of the Court or consent of the opposing party. *See* Fed. R. Civ. P. 15(a)(2).

| | |
|---|---|
| 1 | Department of Family Services ("DFS"); (3) Ruiz-Lee Liza, DFS director; (4) Kallas Kim, |
| 2 | DFS manager; (5) Irene Kozicki, DFS caseworker; (6) Angelique Gray, DFS caseworker; |
| 3 | (7) Jon Norheim, Family Court; (8) Thomas Kurtz, Family Court; (9) "Kim Jin," District |
| 4 | Attorney; (10) James R. Sweetin, District Attorney; (11) Jane Doe, DFS caseworker; and |
| 5 | (12) Felisha Tucker, DFS caseworker. (*Id.* at 8-9.) On November 13, 2017, Clark County |

Department of Family Services ("DFS"); (3) Ruiz-Lee Liza, DFS director; (4) Kallas Kim, DFS manager; (5) Irene Kozicki, DFS caseworker; (6) Angelique Gray, DFS caseworker; (7) Jon Norheim, Family Court; (8) Thomas Kurtz, Family Court; (9) "Kim Jin," District Attorney; (10) James R. Sweetin, District Attorney; (11) Jane Doe, DFS caseworker; and (12) Felisha Tucker, DFS caseworker. (*Id.* at 8-9.) On November 13, 2017, Clark County removed the action to federal court under 28 U.S.C. § 1441(a). (ECF No. 1.) As far as the Court can discern, Plaintiff's allegations are as follows. In August 2010, the mother of Plaintiff's children accused Plaintiff of molesting his oldest child (non-biological daughter) and left the household. (ECF No. 1-2 at 3.) The mother returned ten years later and demanded Plaintiff's house, cars, and children. (*Id.*) The mother informed the authorities that Plaintiff victimized the children. (*Id.*) The authorities demanded an explanation but then ignored the false complaints. (*Id.*) The mother kidnapped the oldest child and took her to California, but the authorities eventually returned the child to Plaintiff. (*Id.*)

CPS (presumably Child Protective Services) later contacted Plaintiff to initiate an investigation because he had left his children with their mother while he was working out of state. (*Id.*) After the investigation, and after multiple hearings at family court, Judge Frank P. Sullivan dismissed "the charges," but Plaintiff claims the children were abducted by CPS without warrant, that Plaintiff was prohibited from speaking with them under court order, and that a woman began harassing Plaintiff to "do as she said" in order for him to see his children. (*Id.*)

Plaintiff then claims to have been abducted by an NDOC guard acting as a police officer. (*Id.* at 4.) Presumably while in prison, Plaintiff petitioned to dismiss the family court order but was told that no such order existed and that alternatively CPS personnel had the order but never produced it. (*Id.*) Plaintiff states that "for five years a 'comedy' was in process every six months, and plaintiff was never allowed to talk to the kids, stating that judge [illegible] had a restraining order since 2010." (*Id.*) An individual named Thomas Kurts ordered a six-month report sent to Plaintiff. (*Id.* at 5.) Plaintiff received a report for the first one and a half years, which contained fabricated charges regarding Plaintiff and

his child. (*Id.*) Plaintiff alleges that his children's personal information was displayed on the outside of the envelopes containing these reports, or in documents sent to the Court, but much of Plaintiff's Complaint in this area is illegible. (*Id.*)

Plaintiff further alleges that he received reports of "the little one being locked down in a mental institution and the boy being sent to emergency clinic due to: physical and sexual abuse from the foster parent!" (*Id.*) Plaintiff complained to Kurts, but Kurts told him that one of his female children is cutting herself but not "trying to hurt herself;" that "the boy" was abused, but that it was Plaintiff's fault because his children are under CPS custody; and that Kurts is prescribing psychotropic medication to Plaintiff's children three to four times a day for no reason. (*Id.*)

Eventually Kurts was removed from the case, and in October 2015, Plaintiff was present at a hearing with Judge Jonathan Norheim presiding. (*Id.* at 6.) Defendant Jin Kim allegedly produced a faked copy of the prior family court orders and persuaded Judge Norheim to sign a restraining order using "sexual looks and promises." (*Id.*) Plaintiff also asserts that "all this is in a 800+ page complaint in USDC, however!" (*Id.*) Plaintiff apparently alleges that NDOC destroyed and confiscated records from him. (*Id.*) He makes a number of assertions regarding his children, including that he was accused of attacking his "the boy," that "the boy" disappeared years ago and is likely with CPS, and that the boy became an adult in March 2017 but does not want contact with Plaintiff. (*Id.* at 6-7.) Plaintiff fears that "the boy may be bodily hurt or dead" and asks the Court to investigate perpetrators and to issue summonses. (*Id.*)

## II. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not shown—that the pleader is entitled to relief. *Id.* at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Though *pro se* pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

4

**III. DISCUSSION**

Defendants move for dismissal on the grounds that (1) Plaintiff fails to state a cognizable claim; (2) Plaintiff improperly joins unrelated claims; (3) Plaintiff cannot sue CPS and DPS because they are departments of political subdivisions and entitled to sovereign immunity; (4) Plaintiff lacks standing to bring his claims on behalf of "the boy;" and (5) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. (ECF No. 7 at 4-7.)

In support of their first argument, Defendants argue that Plaintiff "neither cites any statute that Defendants can discern nor provides any specific claims against Defendants." (*Id.* at 4.) However, Plaintiff cites 42 U.S.C. § 1985 in the caption of his Complaint as well as on the last page of his Complaint. (ECF No. 1-2 at 2, 9.) While these citations appear to constitute mere labels, unrelated to the substance of the Complaint, the Court will consider whether Plaintiff's Complaint, liberally construed, might state a claim under 42 U.S.C. § 1985(3). "A plaintiff who brings suit pursuant to § 1985(3) must allege the following: '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Whitehorn v. FCC*, 235 F. Supp. 2d 1092, 1102 (D. Nev. 2002), *aff'd*, 63 F. App'x 346 (9th Cir. 2003) (quoting *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1537 (9th Cir. 1992)). Even construed liberally, Plaintiff's Complaint does not allege the existence of a conspiracy beyond merely labeling his Complaint as a tort action "under 42 U.S.C. § 1985 for conspiracy" and asking for relief under that statute. (*See* ECF No. 1-2 at 2, 9.) These are mere labels—not allegations—and do not suffice to show even the first element of the § 1985(3) claim—conspiracy. *See Iqbal*, 556 U.S. at 678.

The true substance of Plaintiff's Complaint concerns domestic relations disputes involving child custody—subject matter over which this Court lacks jurisdiction. *See Csibi v. Fustos*, 670 F.2d 134, 136-37 (9th Cir. 1982). Federal courts have no jurisdiction to

resolve domestic relations disputes involving child custody. *Ankenbrant v. Richards*, 504 U.S. 689, 703 (1992). Here, Plaintiff raises domestic relations issues by challenging Nevada state court child custody orders, including those rendered by Judges Frank P. Sullivan, Thomas Kurts, John Norheim, and the Nevada Supreme Court, and by challenging the actions of Nevada CPS.

Additionally, the Court finds that Defendants are correct that Plaintiff's claim—styled as a § 1985 claim or not—is barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct a state court judgment. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923). Plaintiff's federal case is an impermissible appeal of the state court judgment as it raises specific grievances related to decisions of Nevada's state family court and the Nevada Supreme Court. *See Diaz v. Carlson*, 5 F. Supp. 2d 809, 816 (C.D. Cal. 1997), *aff'd sub nom. Diaz v. Anderson*, 142 F.3d 443 (9th Cir. 1998) (dismissing § 1985 claim under *Rooker-Feldman* doctrine); *see also Atkinson-Bird v. Utah, Div. of Child & Family Servs.*, 92 F. App'x 645, 647 (10th Cir. 2004) ("It is well-settled . . . that an unsuccessful state litigant cannot challenge an adverse state judgment and circumvent the rule of *Rooker-Feldman* simply 'by bringing a constitutional claim under [the civil rights statutes].'" (alterations in original)). Plaintiff's concerns with Nevada state court decisions must be raised in Nevada state courts.

Finally, Plaintiff lacks standing to bring any claims as to "the boy" because he admits that "the boy" became an adult before he filed his action. Plaintiff lacks any authority to litigate on behalf of "the boy" because Plaintiff is not an attorney. Even if "the boy" were still a minor, Plaintiff could not bring a suit on his behalf without retaining counsel. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.")

Thus, the Court lacks jurisdiction over any claims Plaintiff might raise, regardless of whether they are labeled as § 1985 claims. To the extent that Plaintiff attempts to assert

a claim under § 1985, it is barred by the *Rooker-Feldman* doctrine (or Plaintiff lacks standing to raise such a claim in the case of allegations regarding "the boy"). Accordingly, the Court will not grant leave to amend as amendment would be futile.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 7) is granted.

All remaining motions (ECF Nos. 4, 6, 14, 16, 35, 36, 38, 40, 42, 43, 53, 57, 59, 61, 62, 65, 69) are denied as moot.

The Clerk of the Court is instructed to enter judgment and close this case.

DATED THIS 20th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE